# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
February 4, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RHONDA BINGAMAN,**
**Claimant Below, Petitioner**

**vs.)    No. 14-1269** (BOR Appeal No. 2049561)
(Claim No. 2011011042)

**SWIFT TRANSPORTATION COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rhonda Bingaman, by Cathy L. Greiner, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Swift Transportation Company, Inc., by Michael A. Kawash, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 14, 2014, in which the Board affirmed a June 26, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 4, 2013, decision to deny the request for an L4-5 posterior hemilaminectomy and discectomy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Bingaman, an employee for Swift Transportation Company, Inc., was holding a door open for another employee on September 21, 2010, when she fell twisting her left knee and injuring her ribs. On December 28, 2012, Ms. Bingaman was treated by S. Edward Said, M.D. Dr. Said noted Ms. Bingaman, a few days after the injury, developed low back and right leg pain. She was seen by Bert Schinger, D.C., who diagnosed lumbosacral strain with sciatica. She had conservative treatment. Her left knee and left rib problems resolved. Her back and right leg pain continued. Dr. Said noted that Ms. Bingaman has not missed any significant time from work due

1

to the compensable injury. Dr. Said noted Ms. Bingaman's prior low back problems. Dr. Said's exam revealed no loss of motion in the lumbar spine. Ms. Bingaman did have decreased sensation of the L5 dermatome on the right side and mild weakness of the tibialis anterior muscle but otherwise there were no neurological deficits. Dr. Said diagnosed left wall contusion, left knee contusion and sprain, lumbar strain, and L5 lumbar radiculopathy. He found Ms. Bingaman had not reached her maximum degree of medical improvement and recommended a referral to an orthopedist or a neurosurgeon and an MRI of the lumbosacral spine. Dr. Said noted in a February 26, 2013, addendum report that the MRI showed extruded nucleus pulposus at L4-5 centrally into the left with central canal stenosis and moderate stenosis of the lateral recess on each side. He noted these findings to some extent are consistent with the neurological deficit. Dr. Said found Ms. Bingaman had still not reached her maximum degree of medical improvement and should see an orthopedic surgeon or a neurosurgeon. He noted she may need additional treatment such as physical therapy and epidural injections.

In a report dated March 28, 2013, Alan H. Fergus, M.D., a treating physician, noted Ms. Bingaman had L5 radiculopathy and that an MRI showed a bulging disc at L4-5 with lateral stenosis. He recommended epidural steroid injections and noted that if they fail then an L4-5 posterior hemilaminectomy and discectomy should be considered. He was concerned that Ms. Bingaman may not make a full recovery. On September 12, 2013, Ms. Bingaman was seen by Robert A. Smith, M.D., who noted there were no initial complaints of back pain on the date of injury and there were no back symptoms noted on the date of injury. The original diagnosis was contusion to the left knee and ribs. He noted that Ms. Bingaman was not treated for back pain until December 27, 2012, by her chiropractor and there was no mention of knee or rib injury. Ms. Bingaman did receive treatment on October 3, 2010, for back pain at a hospital in Martinsburg but there was no mention of a compensable injury. Dr. Smith noted the findings of Dr. Said and Dr. Fergus. He also pointed out Ms. Bingaman slipped and fell on February 13, 2013, hurting her left knee and elbow. A February 19, 2013, MRI of the lumbar spine showed multilevel disc degenerative disease, facet arthropathy, and stenosis. He found that she has not lost time from work due to this injury. She still complains of back pain radiating into the right leg. He finds the current neck symptoms are not due to the subject injury. He questioned whether the back complaints are related to the subject injury. He found Ms. Bingaman had reached her maximum degree of medical improvement and recommended no whole person impairment. On September 26, 2013, Dr. Fergus noted Ms. Bingaman was still having back and radicular pain. He has offered an L4-5 posterior hemilaminectomy and discectomy. If she does not improve with surgery, she may need other treatments. He believed Ms. Bingaman's low back and right leg pain was due to the subject compensable injury.

On November 4, 2013, the claims administrator denied authorization for an L4-5 posterior hemilaminectomy and discectomy to be performed by Dr. Fergus. Ms. Bingaman protested this Order.

The Office of Judges determined that the surgery was not medically related and reasonably required in treating the compensable condition. The Office of Judges noted that the accepted conditions are left knee contusion, rib contusions, and lumbar sprain. The Office of Judges determined that the request for surgery was due to a neurological problem, which appears

to concern a bulging or herniated disc at L4-5. The Office of Judges noted that a disc herniation of L4-5 has not been found compensable. The Office of Judges noted that there is a difference in opinion concerning whether or not Ms. Bingaman has radiculopathy based upon certain exams. However, the Office of Judges concluded that on the balance, the current record was not sufficient to demonstrate that a compensable herniated disc required surgical correction. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the consistent decisions of the Office of Judges and Board of Review. Ms. Bingaman has not demonstrated that the disc herniation was a compensable condition or that treatment for it should be covered under the claim. The report of Dr. Smith is persuasive. Dr. Smith noted there were no initial complaints of back pain on the date of injury and there were no back symptoms noted on the date of injury. The original diagnosis was contusion to the left knee and ribs. He noted that Ms. Bingaman was not treated for back pain until December 27, 2012. Ms. Bingaman did receive treatment on October 3, 2010, for back pain at a hospital in Martinsburg, but there was no mention of a compensable injury. He noted that a February 19, 2013, MRI of the lumbar spine showed multilevel degenerative disc disease, facet arthropathy, and stenosis. Because the degenerative disc disease was likely the cause of the current back symptoms and Ms. Bingaman did not introduce sufficient evidence to demonstrate the need for the procedure was casually related to the injury, the Office of Judges and Board of Review were not in error to deny the treatment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 4, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman